UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRAULIO THORNE,

                              Plaintiff,

                  -v-

AMERICAN DAIRY QUEEN
CORPORATION,

                              Defendant.

19-CV-9933 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Braulio Thorne brings suit against Defendant American Dairy Queen Corporation ("Dairy Queen") pursuant to Title III of the Americans with Disabilities Act of 1990 and state and local law. Thorne, who is legally blind, alleges that Dairy Queen discriminated against him and other visually impaired individuals by not selling gift cards that incorporate Braille. Dairy Queen moves to dismiss Thorne's complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court determines that it has jurisdiction but that the complaint fails to state a claim, and the motion to dismiss is accordingly granted.

**I.    Background**

      The facts below are drawn from the operative complaint and are presumed true for the purposes of this motion.

      Dairy Queen "is one of the largest restaurant chains in the world" and "owns, operates and/or controls Dairy Queen restaurants across the United States," including in New York City and State. (*See* Dkt. No. 15 ("FAC") ¶ 26.) The crux of this suit revolves around the "pre-paid cash cards, colloquially referred [to] as 'store gift cards'" (FAC ¶ 4) that Dairy Queen sells as

"an alternative method of payment that may be used to make a purchase of goods and services" (FAC ¶ 30).

Plaintiff Braulio Thorne is a legally blind, visually impaired person "who requires Braille, which is a tactile writing system, to read written material." (FAC ¶ 2.) He lives in close proximity to a Dairy Queen restaurant, where he has been a customer on prior occasions and intends to return. (FAC ¶¶ 21, 25.) On October 23, 2019, Thorne called Dairy Queen's "customer service office in an attempt to purchase a store gift card." (FAC ¶ 16.) Thorne "inquired if [they] sold store gift cards containing Braille and was informed by [Dairy Queen's] employee that [they] do[] not." (*Id.*)

Thorne alleges that "[w]ithout an effective auxiliary aid for the physical [gift] cards," the visually impaired "cannot independently access the information contained" on the card necessary for its use (FAC ¶ 5), and cannot distinguish the gift cards "from other cards" in their possession, forcing them "to rely on the good will of strangers to pick the card out of their private bag or wallet" (FAC ¶ 7). For these reasons, Thorne contends, he is unable to use the gift cards to make a purchase in-store, online, or over the phone (*id.*), denying him the "full and equal access" to Dairy Queen's "products and services offered to the general public in conjunction with its physical locations." (FAC ¶ 9.) Thorne claims that this violates his rights under the ADA and under New York City and State law.

### A.     Procedural Background

Thorne filed suit against Dairy Queen on October 27, 2019. (Dkt. No. 1). On January 13, 2020, Dairy Queen moved to dismiss Thorne's complaint. (Dkt. No. 13.) In response, on February 6, 2020, Thorne filed the now-operative First Amended Complaint. (FAC.) Dairy Queen filed its present motion to dismiss — in the form of a memorandum of law in support of a

2

motion to dismiss[1] — on February 26, 2020.  (Dkt. No. 16.)  Thorne opposes the motion and, in the alternative, seeks leave to amend his complaint again.  (Dkt. No. 20 at 22.)

## II.     Legal Standard

### A.     Rule 12(b)(1)

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it," including when a "plaintiff lacks constitutional standing to bring the action."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quotation marks and citation omitted).  "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that [she] has standing."  *Id.* at 417 (quotation marks, alteration, and citation omitted).

### B.     Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when plaintiffs have pleaded facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Court[s] must accept as true all well-pleaded factual allegations in the complaint, and 'draw all inferences in the plaintiff's favor.'"  *Goonan v. Fed.*

---

[1] When Thorne amended his original complaint, he effectively mooted Dairy Queen's motion to dismiss that complaint.  (*See* Dkt. Nos. 12, 15.)  Thereafter, Dairy Queen filed a memorandum of law in support of a motion to dismiss the *amended* complaint *without* a new notice of its new motion, in contravention of Local Civil Rule 7.1(a)(1).  This procedural defect notwithstanding, Thorne has fully responded to the motion to dismiss the amended complaint and has not objected to its consideration.  No prejudice will therefore result from this Court's full consideration of the motion.  Accordingly, the original motion to dismiss at Docket Number 12 is denied as moot, and the memorandum of law at Docket Number 16 is deemed sufficient to satisfy the requirement of notice of a motion to dismiss the First Amended Complaint.

*Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006)). However, "although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and citation omitted), and to facts "contradicted by more specific allegations or documentary evidence." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.    Discussion

Dairy Queen argues that this Court lacks jurisdiction because Thorne lacks standing and that, in any event, Thorne's complaint fails to state a claim under the ADA and New York City and State law. The Court turns first to the issue of standing, as it must, and then to the merits of the claim.

### A.    Standing

Standing to bring an ADA claim exists "where (1) the plaintiff allege[s] past injury under the ADA; (2) it [i]s reasonable to infer that the discriminatory treatment w[ill] continue; and (3) it [i]s reasonable to infer . . . that plaintiff intend[s] to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam).

Here, Thorne has sufficiently pleaded each element. He has pleaded past injury because the First Amended Complaint's allegations, taken collectively, state that Thorne requested and was denied a Braille gift card. Thorne specifically pleads that he inquired about the availability of a Braille gift card, was told they were not offered, and was not offered any other auxiliary aid. (FAC ¶ 16). He could not otherwise locate a Braille gift card to purchase. (FAC ¶ 17). Those allegations make out a cognizable injury under the ADA. *See Mendez v. Outback Steakhouse of*

*Fla., LLC,* No. 19-CV-9858, 2020 WL 4273820, at *2 (*citing Dominguez v. Taco Bell Corp.*, No. 19-CV-10172, 2020 WL 3263258, at *2 (S.D.N.Y. June 17, 2020) ("A cognizable ADA injury occurs when a person encounters a barrier at a public accommodation.")).  That Thorne alleges he merely "inquired if Defendant sold store gift cards containing Braille" (FAC ¶ 16), rather than specifically *requesting* a gift card, is inconsequential.  The standing requirement does not impose on plaintiffs an artificial obligation to do the patently futile.  *Kreisler*, 731 F.3d at 188 (holding that an ADA plaintiff "need not attempt to overcome an obvious barrier" to establish an injury).  Having been told by a representative that Braille gift cards were unavailable, Thorne was under no obligation to request a Braille gift card to preserve his challenge.

Next, the general allegation that Dairy Queen does not sell Braille gift cards, paired with the specific allegation that an employee informed Thorne "that [Dairy Queen] does not sell store gift cards containing Braille" (FAC ¶ 16), raises the inference that the discriminatory treatment will continue.  *See Mendez*, 2020 WL 427820, at *2.  Finally, Thorne has sufficiently pleaded an intent to return to Dairy Queen, alleging that he has visited Dairy Queen on prior occasions and plans to purchase a Braille gift card, once available, and use it at a Dairy Queen.  (FAC ¶ 21.)

Thorne has standing to bring his claim, and the Court therefore proceeds to the merits.

**B.     ADA Claims**

Dairy Queen argues, among other things, that Thorne's ADA claim fails because a gift card is a "good" that a public accommodation need not modify under the ADA and because Thorne has failed to plausibly allege the absence of any other auxiliary aid or service that could ensure equal access to gift cards.  (*See* Dkt. No. 16 at 11–13.)  The Court has addressed these precise issues before in a virtually indistinguishable case and need not rehash its reasoning here.  For the reasons recently stated in *Mendez v. Outback Steakhouse of Florida*, this Court determines that a Braille gift card is a "good" that Dairy Queen need not modify under the ADA

5

and that Thorne's failure to allege that he sought or inquired about any other adequate auxiliary aid or service is fatal to his claim. *See Mendez*, 2020 WL 4273820, at *3–4. The ADA claim therefore fails.

### C. Remaining Claims

Because Thorne's federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over his remaining New York State and City claims. *See* 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Thus, pursuant to § 1367(c)(3), the Court declines jurisdiction over the remaining state-law claims.

### D. Leave to Amend

In the alternative, Thorne requests leave to amend. Leave to amend should be granted when justice so requires. Fed. R. Civ. P. 15(a). "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). Accordingly, Thorne, if he still wishes to amend his complaint, is directed to file a letter motion explaining how a second amended complaint would state a claim consistent with this Opinion and Order and with this Court's decision in *Mendez*. The letter must identify additional facts indicating that Dairy Queen failed to provide auxiliary aids or services ensuring effective communication of the information on its gift cards to visually impaired persons. Thorne is further directed to append to the letter a draft of the proposed second amended complaint indicating the changes from the current operative complaint. Thorne is directed to file the letter motion on or before October 30, 2020.

## IV. Conclusion

For the foregoing reasons, Defendant's original motion to dismiss at Docket Number 12 is DENIED as moot, Defendant's new motion to dismiss for lack of standing is DENIED, and Defendant's new motion to dismiss for failure to state a claim is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 12.

SO ORDERED.

Dated: October 14, 2020
       New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　United States District Judge